October 24, 2011

The Honorable Brett W. Ligon
Montgomery County District Attorney
9th Judicial District
207 West Phillips, Second Floor
Conroe, Texas 77301

Opinion No. GA-0888

Re: Whether a prosecutor must obtain the approval of the presiding judge before advancing funds for travel expenses to a nonresident witness   (RQ-0969-GA)

Dear Mr. Ligon:

You ask whether a county prosecutor in a criminal case must obtain the presiding judge's approval before advancing county funds for travel expenses to a nonresident witness.[1] You inform us that the county has provided you with a credit card to facilitate the advance payment of travel expenses for nonresident witnesses who are subpoenaed to testify in the county's criminal cases. Request Letter at 1. In these instances, you inform us, the county pays the credit card bill with funds from the county's budget for "court operations." *Id.* You further state that the judges serving on the county's office of court administration committee have questioned the propriety of the district attorney's advance payment of witnesses' travel expenses without prior approval from the judge presiding over the case. *Id.* at 1–2.

You first ask whether "article 35.27 of the Texas Code of Criminal Procedure require[s] that a district attorney obtain the approval of the judge presiding over a case in a county or district court before advancing funds to a nonresident witness for the travel expenses of the witness[.]" *Id.* at 1. When construing a statute, courts initially focus on a statute's text, "so as to give effect to the Legislature's intent as expressed in its plain language." *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011). Under article 35.27, section (1)(a) of the Code of Criminal Procedure, a person who does not reside in the county and who has been subpoenaed "or otherwise required or requested in writing by the prosecuting attorney or the court" to give testimony in a criminal proceeding "shall be reimbursed by the state for the reasonable and necessary transportation, meal, and lodging expenses he incurs by reason of his attendance as a witness at such proceeding." TEX. CODE CRIM. PROC. ANN. art. 35.27, § 1(a) (West 2006). Further, the Code requires that persons seeking reimbursement must submit a sworn application to the

---

[1]*See* Letter from Honorable Brett W. Ligon, Montgomery County District Attorney, 9th Judicial District, to Honorable Greg Abbott, Attorney General of Texas at 1 (May 3, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

Comptroller of Public Accounts detailing the expenses necessitated by the travel. *Id.* §§ 2, 4. The amount of reimbursement must not exceed the maximum rates provided for by law for state employees. *Id.* § 2. The application must "be presented for approval by the judge who presided over . . . the criminal proceeding." *Id.* § 4. The Comptroller is required to examine a claim for reimbursement approved by the judge and pay it if the Comptroller "deems the claim in compliance with and authorized by" article 35.27. *Id.* § 5.

Article 35.27, section 7 authorizes a county to pay witness expenses in advance:

> The county in which a criminal proceeding is pending, upon request of the district attorney or other prosecutor charged with the duty of prosecution in the proceeding, may advance funds from its treasury to any witness who will be entitled to reimbursement under this article. The amount advanced may not exceed the amount that is reasonably necessary to enable the witness to attend as required or requested. However, the amount advanced may include sums in excess of the reimbursement provided for by this article if the excess is required for compliance with Section 4 of Article 24.28 in securing the attendance of a witness from another state under the Uniform Act.[2] A county that advances funds to a witness under this section is entitled to reimbursement by the state as an assignee of the witness.

*Id.* § 7 (footnote added). The plain language of the statute gives a county the discretion, upon the prosecutor's request, to advance funds in an amount that does not exceed the amount "reasonably necessary to enable the witness to attend as required or requested." *Id.* The statute does not expressly or implicitly require judicial authorization of these travel-related advances for nonresident witnesses. While article 35.27 authorizes advances for a "witness who will be entitled to reimbursement under this article," whether a witness is entitled to reimbursement must ultimately be determined by the presiding judge and the Comptroller. As explained above, the determination made by these officials is made after the witness submits a sworn application detailing the expenses incurred, not before the payment is advanced. *Id.* § 4–5. Thus, we conclude that article 35.27 of the Code of Criminal Procedure does not require a county to obtain the presiding judge's preapproval before advancing funds to a nonresident witness for travel expenses. Although the Code generally

---

[2]Article 24.28 of the Code of Criminal Procedure is the "Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Proceedings." Tex. Code Crim. Proc. Ann. art. 24.28, § 1 (West 2009). The article provides in part that "[i]f the witness is summoned to attend and testify in this State he shall be tendered the compensation for nonresident witnesses authorized by Article 35.27 of this Code, together with such additional compensation, if any, required by the other State for compliance." *Id.* § 4(b). We do not address any proceedings under article 24.28.

authorizes a county to prepay travel expenses, a district attorney's authority to advance funds for that purpose is ultimately a matter of policy for the county to determine.[3]

You also ask whether a court may refuse to approve a nonresident witness's travel expense reimbursement request solely because the court did not preapprove the advance payment of travel costs. As we have explained, article 35.27 does not require the presiding judge to approve a county's advancement of witness expenses. Article 35.27 does require, however, that a nonresident witness who is either subpoenaed or requested to testify—and who files the sworn application required by article 35.27—shall be reimbursed by the state for necessary travel expenses. TEX. CODE CRIM. PROC. ANN. art. 35.27, § 1(a) (West 2006). When the county advances the witness's travel expenses, the witness's reimbursement rights are assigned to the county. *Id.* § 7. Accordingly, when a county properly advances travel expenses to a witness, that county is entitled to reimbursement from the state as the witness's assignee, regardless of whether the advance of travel expenses was judicially preapproved.

---

[3]While judicial preapproval is not expressly required by article 35.27 of the Code, reimbursement to the county of advanced travel expenditures depends on judicial approval of the sworn application to the Comptroller. *Id.* art. 35.27, §§ 4, 7 (West 2006). Nothing in the article precludes a county from requiring its prosecutors to seek the court's tentative approval before advancing funds.

## S U M M A R Y

Article 35.27 of the Code of Criminal Procedure does not require a county to obtain judicial preapproval before advancing funds to a nonresident witness for travel expenses. Whether a district attorney may advance such funds is a matter of policy for the county to determine.

A nonresident witness who is subpoenaed or requested to testify and who files the sworn application required by article 35.27 is entitled to reimbursement for these travel expenses. To the extent that a witness is eligible for reimbursement, and a county properly advances funds to that witness, the county is entitled to reimbursement from the state as the witness's assignee.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee